**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALFONSO ALMEZQUITA,**         )<br>                                                              )<br>            **Plaintiff**,                          )<br>                                                              )<br>        v.                                              )<br>                                                              )<br>**CHRISTINE MELTON,**              )<br>                                                              )<br>            **Defendant**.                       )<br>_____) | 1:11 - CV - 0704 AWI SKO<br><br>**ORDER REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT** |

On May 2, 2011, Defendant Christine Melton ("Defendant") filed a document entitled "NOTICE OF REMOVAL OF STATE COURT ACTION (STANISLAUS COUNTY SUPERIOR COURT TO US DISTRICT COURT (EASTERN DISTRICT OF CALIFORNIA)" ("the May 2, 2011 Notice").  The May 2, 2011 Notice alleges that the basis of removal is 28 U.S.C. § 1331 Federal Question Jurisdiction.

Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th

Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir.2009).

      The underlying complaint filed in the Stanislaus County Superior Court has not been provided to this court. Title 28 U.S.C. § 1446(a) provides that a copy of all pleadings served on the removing defendant in the state court action must be filled along the notice of removal. Because the complaint at issue has not been provided to this court, Plaintiff has violated Section 1446(a). As such, the court is unable to identify the federal law at issue.

      From the May 2, 2011 Notice, it appears that this action concerns the rental of real property and a Notice to Vacate that has been served on Defendant. Nothing in the May 2, 2011 Notice indicates that the underlying complaint contains claims concerning anything other than a rental agreement and Plaintiff's attempts to vacate Defendant from the property. Rather, the May 2, 2011 Notice states that third parties in the Stanislaus County Superior Court have violated Defendant's constitutional rights and Plaintiff has violated Defendant's rights under the Fair Housing Act. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, – U.S. –, 129 S.Ct. 1262, 1272 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir.2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at*1 (C.D.Cal. 2011); Federal Nat. Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at*4 (E.D.Cal. 2010).

Because the May 2, 2011 Notice provides no basis for federal jurisdiction and the only implied basis of federal jurisdiction is not a proper basis for removal, the court ORDERS that this action is REMANDED to the Stanislaus County Superior Court. The Clerk of the Court is DIRECTED to serve a copy of this order on the Stanislaus County Superior Court.

IT IS SO ORDERED.

Dated: May 16, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

3